# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:12CV386-GCM-DSC

| | |
|---|---|
| LULA D. CARROLL,<br>        Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>**Commissioner of Social**<br>**Security Administration,**<br>        Defendant. | **MEMORANDUM AND RECOMMENDATION** |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #7) and "Memorandum in Support ..." (document #8), both filed October 22, 2012; and Defendant's "Motion for Summary Judgment" (document #11) and "Memorandum in Support ..." (document #11-1), both filed January 9, 2013. This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these Motions are now ripe for disposition.[1]

Having considered the written arguments, administrative record, and applicable authority, the undersigned respectfully recommends that Plaintiff's Motion for Summary Judgment be denied; that Defendant's Motion for Summary Judgment be granted; and that the Commissioner's decision be affirmed.

---

[1] Pursuant to the Pretrial Scheduling Order entered on August 23, 2012, this matter is ripe upon the filing of Defendant's Motion and Memorandum. See Document #6. Local Civil Rule 7.1 (E) clarifies that the briefing schedule applicable under Rule 7.1 does not apply in Social Security appeals.

1

# I. PROCEDURAL HISTORY

On May 1, 2008, Plaintiff filed an application for a period of disability, Social Security disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI") alleging that she was unable to work as of October 26, 2006. (Tr. 12, 121-29).

Plaintiff's application was denied initially and upon reconsideration. Plaintiff subsequently requested a hearing which was held on April 1, 2010. (Tr. 27-52).

On April 23, 2010, the Administrative Law Judge ("ALJ") issued a decision finding that Plaintiff was not disabled. (Tr. 12-20). Specifically, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. (Tr. 15). The ALJ also found that Plaintiff suffered from Crohn's disease, anxiety, and depression which were severe impairments within the meaning of the regulations, but did not meet or equal any listing in 20 C.F.R. Pt. 404, Subpt. P, App. 1. (Tr. 15). The ALJ then found that Plaintiff retained the Residual Functional Capacity ("RFC")[2] perform a limited range of light work.[3] Specifically, the ALJ found that Plaintiff could:

> [lift] and/or [carry] up to [twenty] pounds occasionally and ten pounds frequently; [sit] up to six hours total in an eight-hour workday with the option to alternate between sitting, standing and walking occasionally . . . [She] is able to sustain attention and concentration for two hours at a time in a work setting with occasional public contact or interaction. [She] requires one to

---

[2]The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

[3]"Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing or pulling of arm or leg controls." 20 C.F.R. §§ 404.1567(b), 416.967(b).

2

two additional rest breaks of approximately five minutes each.

(Tr. 16). The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the symptoms alleged. He further found that Plaintiff's testimony concerning the intensity, persistence and limiting effects of her symptoms was not entirely credible, and that those symptoms would not preclude light work as described in the assessed RFC. (Tr. 17-18). Based upon this RFC and relying on the opinion of a Vocational Expert ("VE"), the ALJ found that Plaintiff was able to perform her past relevant work as a pest control technician, stock control technician and cashier. (Tr. 19-20). Accordingly, the ALJ found that she was not disabled within the meaning of the Social Security Act. (Tr. 20).

On June 7, 2010, Plaintiff filed a Request for Review by the Appeals Council. Plaintiff also submitted a questionnaire completed by Martine Wurst, PA-C, her treating medical provider.

By notice dated April 23, 2012, the Appeals Council denied Plaintiff's request for further administrative review. The Appeals Council stated that it had "considered the medical source statement of Mr. Wuitz [sic], but accords this evidence little weight. It is not supported by the record as a whole and Mr. Wuitz did not provide clinical evidence in support of his assessed limitations." (Tr. 2).

Plaintiff filed the present action on June 21, 2012. She assigns error to the ALJ's assessment of her credibility, RFC and ability to perform her past relevant work. See Plaintiff's "Memorandum in Support ..." 8 (document #8). Plaintiff also contends that the Appeals Council failed to set forth good cause for its rejection of Ms. Wurst's opinion. Id. The parties' cross motions are ripe for disposition.

3

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the

4

Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff became "disabled" at any time, as that term of art is defined for Social Security purposes.[4] At the outset, the undersigned finds that the ALJ's RFC determination is adequately supported by Plaintiff's medical records and treatment history, including the opinions of the state agency reviewing physicians and psychologists.

On July 15, 2008, Dr. Camille M. Warren, a state agency physician, reviewed Plaintiff's medical records and opined that despite her physical impairments, Plaintiff retained the capacity to perform a full range of light work. (Tr. 317-324). In February 2009, another state agency physician, Dr. Janet Johnson-Hunter, completed an independent review of Plaintiff's records and agreed with Dr. Warren's opinion. (Tr. 378). The ALJ also found that Plaintiff was limited to performing light work. (Tr. 16). The ALJ further allowed for the additional limitations of two non-scheduled breaks of five minutes each during the workday, and the

---

[4]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .
> Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

ability to occasionally alternate between sitting and standing. (Id.). Since the additional limitations identified by the ALJ are more favorable to Plaintiff, the opinions of Drs. Warren and Johnson-Hunter offer substantial medical support for the Commissioner's RFC determination.

The ALJ's mental RFC is likewise supported by substantial medical evidence. On August 8, 2008, Dr. Lori Souther, a state agency psychologist, opined that Plaintiff retained the mental functional capacity to perform simple, routine and repetitive tasks in a low stress setting with minimal social demands (Tr. 353). On February 14, 2009, Dr. Richard Gross, another state agency psychologist, reviewed Plaintiff's records and concluded that she retained the ability to perform simple, routine and repetitive tasks, while noting some difficulties related to Plaintiff's social skills. (Tr. 382). The ALJ properly considered those opinions along with the consultative examination by Dr. Michelle Coates, who found that Plaintiff could "satisfactorily complete menial types of tasks" and that her symptoms were not "severe enough to significantly interfere with gainful employment." (Tr. 18-19, 329). Under Social Security Administration ("SSA") regulations, the expert opinions of the examining medical sources and state agency reviewing doctors may amount to substantial evidence where they represent a reasonable reading of the relevant medical evidence. 20 C.F.R. §§ 404.1527(c) and (e), 416.927(c) and (e). The ALJ is entitled to rely on the opinions of those doctors insofar as they considered all the relevant evidence. Stanley v. Barnhart, 116 Fed. App'x 427, 429 (4th Cir. 2004); Gordon v. Schweiker, 725 F.2d 231, 235 (4th Cir. 1984).

Plaintiff argues that the ALJ's assessment of her credibility is not supported by substantial evidence. The determination of whether a person is disabled by non-exertional pain

or other symptoms is a two-step process. "First, there must be objective medical evidence showing the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged." Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996), citing 20 C.F.R. § 416.929(b); and § 404.1529(b); 42 U.S.C. § 423(d)(5)(A). If there is such evidence, then the ALJ must evaluate "the intensity and persistence of the claimant's pain, and the extent to which it affects [his] ability to work." Id. at 595, citing 20 C.F.R. § 416.929(c)(1); and § 404.1529(c)(1). The regulations provide that this evaluation must take into account:

> not only the claimant's statements about his or her pain, but also "all the available evidence," including the claimant's medical history, medical signs, and laboratory findings; any objective medical evidence of pain (such as evidence of reduced joint motion, muscle spasms, deteriorating tissues, redness, etc.); and any other evidence relevant to the severity of the impairment, such as evidence of the claimant's daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it.

Craig, 76 F.3d at 595 (citations omitted).

The record contains evidence of Plaintiff's Crohn's disease, anxiety and depression– which could be expected to produce some of the pain claimed by Plaintiff. Accordingly, the ALJ found that Plaintiff met the first prong of the test. The ALJ then determined that Plaintiff's subjective complaints were not fully credible, as they were not consistent with the objective evidence in the record.

In evaluating Plaintiff's credibility, the ALJ relied on the medical evidence in the record, Plaintiff's behavior during her consultative examination with Dr. Coates, and her level of activity. (Tr. 18-19). The medical opinions discussed above support the ALJ's determination that Plaintiff's symptoms were not as severe as she reported. Whether a

7

claimant's subjective complaints are supported by the medical evidence is a relevant factor in the ALJ's credibility analysis. 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1) ("In evaluating the intensity and persistence of your symptoms, we consider all the available evidence, including . . . the medical opinions of your treating source and other medical opinions"). The ALJ also considered Dr. Coates's observation that, during her psychological testing and interview, Plaintiff "never squirmed or fidgeted while seated." (Tr. 325). This observation contradicts Plaintiff's testimony that she was unable to sit comfortably on account of the pain in her buttocks and needed to "keep switching" positions. (Tr. 42). The ALJ also considered Plaintiff's reported activity level in finding that her complaints of disabling symptoms were not entirely credible. 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(I); Johnson v. Barnhart, 434 F.3d 650, 658 (4th Cir. 2005). The record reflects that Plaintiff regularly engages in activities such as watching television, doing housework, cooking, spending time with her grandchild, and playing with her dogs. (Tr. 18, 41-42, 220-224). "The only fair manner to weigh a subjective complaint of pain is to examine how the pain affects the routine of life." Mickles v. Shalala, 29 F.3d 918, 921 (4th Cir. 1994).

Plaintiff faults the ALJ for not expressly considering all the factors set forth in 20 C.F.R. §§ 404.1529(c) and 416.929(c). The ALJ is not required to elaborate upon every credibility factor. See, e.g., Vining v. Astrue, 720 F. Supp. 2d 126, 138 (D. Me. 2010) ("This court has rejected the notion that an administrative law judge must slavishly discuss all factors relevant to analysis of a claimant's credibility and complaints of pain in order to make a supportable credibility finding."); Ware v. Apfel, No. IP 99-1526-C H/G, 2000 WL 1707942, at *6 (S.D. Ind. Nov. 14, 2000) ("The ALJ need not mechanically recite findings on each

[credibility] factor, but must give specific reasons for the weight given to the individual's statements.") (citing SSR 96-7p).

Although Plaintiff contends that the ALJ failed to develop the record, she does not identify any evidence the ALJ failed to consider. The Fourth Circuit has held that an ALJ has a duty to develop the record only "when the evidence is inadequate" to make a finding as to disability. Cook v. Heckler, 783 F.2d 1168, 1173 (4th Cir. 1986) (emphasis added). Where "[t]he ALJ had before him sufficient facts to determine the central issue of disability," the ALJ is not required to further develop the record. Scarberry v. Chater, 52 F.3d 322, 1995 WL 238558 at *4, n. 13 (4th Cir. 1995).

As a result of the errors asserted above, Plaintiff contends that the ALJ erred in relying on that RFC to conclude that she could perform her past relevant work. The ALJ's evaluations of the medical record and Plaintiff's credibility were supported by substantial evidence, and this assignment of error fails as well. Having properly formulated Plaintiff's RFC, the ALJ's subsequent reliance on the testimony of a vocational expert that Plaintiff retained the ability to perform the jobs identified above substantially supports the ALJ's determination that Plaintiff could perform her past relevant work. (Tr. 19, 47).

Finally, Plaintiff argues that the Appeals Council failed to adequately explain its evaluation of Ms. Wurst's opinion. In June 2010, more than a month after the ALJ issued his decision, Ms. Wurst completed an assessment of Plaintiff's functional capacity. Plaintiff submitted that assessment to the Appeals Council as part of her request for review. (Tr. 4, 403-407). Ms. Wurst opined, inter alia, that Plaintiff could lift or carry up to twenty pounds occasionally and less than ten pounds frequently, as well as sit, stand, or walk for up to thirty

minutes at a time and for less than two hours during the course of a workday. She also found that Plaintiff needed to shift positions at will; would be unable to perform even low-stress work; and that her symptoms would frequently interfere with her attention and concentration. (Tr. 404-406). Ms. Wurst further indicated that Plaintiff required unscheduled breaks every thirty minutes during an eight-hour workday. (Tr. 406). The Appeals Council expressly considered this opinion, but accorded it "little weight [because] it is not supported by the record as a whole and Ms. [Wurst] did not provide clinical evidence in support of [her] assessed limitations." (Tr. 2).

As an initial matter, Plaintiff points out that the Appeals Council misspelled Ms. Wurst's last name and referred to her as a "he." Plaintiff has not cited any authority establishing that this type of clerical error requires remand. Plaintiff also fails to cite any authority requiring the Appeals Council to elaborate upon its rationale for discounting this opinion. "[T]he [Commissioner's] regulations do not require the Appeals Council to articulate its rationale for denying a request for review. Only if the Appeals Council grants a request for review and issues its own decision on the merits is the Appeals Council required to make findings of fact and explain its reasoning." Meyer v. Astrue, 662 F.3d 700, 705-706 (4th Cir. 2011). Indeed, where the Court considers new evidence submitted to the Appeals Council and finds that the record substantially supports the ALJ's decision despite that new evidence, the Court should uphold the Commissioner's determination even absent any express analysis of the new evidence by the Appeals Council. Id. at 706-707. Here, the Appeals Council did expressly state its reasons for discounting Ms. Wurst's opinion, and those reasons are supported by the record.

The Appeals Council correctly found that Ms. Wurst's opinion is unsupported by the

record as a whole. The record in this case substantially supports the ALJ's RFC determination, which is less restrictive than Ms. Wurst opined. As set forth above, the ALJ's RFC was supported by the opinions of several medical sources, including the state agency physicians and psychologists, and Dr. Coates, the consultative psychologist. Unlike these physicians and psychologists, para-professionals such as Ms. Wurst are not acceptable medical sources. 20 C.F.R. §§ 404.1513(d)(1), 416.913(d)(1). "The fact that a medical opinion is from an 'acceptable medical source' is a factor that may justify giving that opinion greater weight than an opinion from a medical source who is not an 'acceptable medical source.'" Social Security Ruling ("SSR") 06-03p. Thus, because Ms. Wurst's opinion is inconsistent with the assessments by "acceptable medical sources" in the record, the Appeals Council properly concluded that her opinion is unsupported by the record as a whole.

The Appeals Council also found that Ms. Wurst failed to provide clinical evidence in support of her opinion. Objective support for a treating source opinion is a relevant factor in evaluating the reliability of such opinion. SSR 06-03p. Plaintiff's summary assignment of error fails to satisfy her burden of identifying any specific objective evidence supporting Ms. Wurst's opinion. Shinseki v. Sanders, 129 S. Ct. 1696, 1706 (2009) ("The burden of showing that an error is harmful normally falls upon the party attacking the agency's determination.").

The record shows that in May 2010, only one month before Ms. Wurst completed the documentation at issue, Plaintiff was treated at Gaston Memorial Hospital for a recently drained abscess and reported "no complaints." (Tr. 457). The attending medical source did not note any significant abnormalities. Id. For all the foregoing reasons, the Appeals Council properly discounted Ms. Wurst's opinion.

11

Although the medical records establish that the Plaintiff experienced pain and mental and emotional difficulties to some extent, as the Fourth Circuit has noted, it is the ALJ's responsibility, not the Court's, "to reconcile inconsistencies in the medical evidence." Seacrist, 538 F.2d at 1056-57.

Simply put, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." Mickles, 29 F.3d at 923 (citing Simmons v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987)). This is precisely such a case, as it contains substantial evidence to support the ALJ's treatment of the record and the hearing testimony, and his ultimate determination that the Plaintiff was not disabled.

## IV. RECOMMENDATIONS

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Summary Judgment" (document #7) be **DENIED;** that Defendant's "Motion for Summary Judgment" (document #11) be **GRANTED**; and that the Commissioner's determination be **AFFIRMED.**

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16

(4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Graham C. Mullen.

**SO RECOMMENDED AND ORDERED**.

Signed: January 14, 2013

David S. Cayer
United States Magistrate Judge